JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL GONZALEZ-BARRETO, <br><br> Plaintiff, <br><br> v. <br><br> KIRK RICHARD BERRY, <br><br> Defendant. | Case No. 2:21-cv-08607-MCS-KS <br><br> **ORDER GRANTING MOTION TO REMAND (ECF NO. 12)** |

Plaintiff Rafael Gonzalez-Barreto moves to remand this case to Los Angeles County Superior Court. Mot., ECF No. 12; *see also* Mem., ECF No. 12-2. Defendant Kirk Richard Berry opposes the motion. Opp'n, ECF No. 13. The Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

## I. BACKGROUND

On March 18, 2021, Plaintiff sued Defendant in Los Angeles County Superior Court for injuries after a car crash. Notice of Removal, Mekha Decl. Ex. A. ("Compl."), ECF No. 1. Plaintiff indicated compensatory damages exceeded $25,000. *Id.* Following service on October 2, 2021, Defendant removed this case to federal court on November

1, 2021, alleging diversity jurisdiction. Notice of Removal ¶ 1.

## II. LEGAL STANDARDS

### A. Subject-Matter Jurisdiction

Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *Id.* §§ 1331, 1332(a).

There is a "strong presumption" against removal jurisdiction, and the removing party bears the burden of proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

### B. Amount in Controversy

To invoke diversity jurisdiction, a party must demonstrate there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant must establish by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

## III. DISCUSSION

The parties dispute whether the amount in controversy exceeds the jurisdictional threshold. The amount in controversy is not clear from the face of the complaint. Plaintiff indicated the case is an unlimited civil case where the harm "exceeds $25,000" but did not further delineate his damages. *See* Compl. Defendant's notice of removal

alleged Plaintiff's damages would ultimately exceed $75,000 because he suffered wage loss, hospital and medical expenses, general damages, loss of earning capacity, and incidental damages. Notice of Removal ¶ 9. Defendant did not substantiate this calculation with any evidence in the notice of removal.

Plaintiff argues Defendant's conclusory allegations about the amount in controversy are insufficient. Mem. 3. The Court agrees. The Ninth Circuit has allowed courts to consider "facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). "Conclusory allegations as to the amount in controversy are insufficient." *Id.* at 1090–91 (citing *Gaus*, 980 F.2d at 567).

Defendant presented no evidence in his notice of removal the Court could use to divine an overall estimate of damages. The only direct evidence Defendant presents is that Plaintiff has produced records detailing $45,277.00 of medical expenses. Opp'n, Mekha Decl. ¶ 4, ECF No. 13. Defendant also presents evidence that Plaintiff will need future spinal surgery, *id.*, that Plaintiff "made a mid-six figure settlement demand," *id.* ¶ 5, and that Plaintiff declined to stipulate that his damages did not exceed $75,000, *id.* ¶ 6.

Defendant provides no evidence indicating what the spinal surgery would cost, so this piece of evidence is an impermissible conclusory, speculative allegation that the surgery will cost tens of thousands of dollars. *Matheson*, 319 F.3d at 1090–91. That Plaintiff declined to stipulate to reduced damages is of no consequence. Governing law provides that the defendant must show by a preponderance of the evidence that damages exceed the amount in controversy. *Guglielmino*, 506 F.3d at 699. Plaintiff declining to agree to Defendant's stipulation does not prove anything. Finally, the settlement demand is only relevant evidence of the amount in controversy "if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837,

3

840 (9th Cir. 2002). Here, Defendant provides no information about how Plaintiff calculated damages in this "mid-six figure" settlement demand. Without any context, this "figure appears to be an inflated and arbitrary number designed to set out an initial bargaining position and anchor future negotiations" rather than a true reflection of any value of the case. *Briest v. Knot Standard LLC*, No. CV 20-02519-CJC (PVCx), 2020 WL 2572457, at *3 (C.D. Cal. May 20, 2020).

Thus, the only evidence Defendant presents toward the amount in controversy is the $45,277.00 in medical bills. Any other calculations are based on unsubstantiated speculation. Because Defendant does not provide the Court the evidence necessary to calculate damages, the Court concludes Defendant has not shown by a preponderance of the evidence the amount in controversy exceeds $75,000. Diversity jurisdiction is lacking. Remand is appropriate. 28 U.S.C. § 1447(c). The Court grants the motion.

## IV. ATTORNEY'S FEES

Plaintiff requests $3,150 in fees. Mot. 2; Shkolnikov Decl. ¶ 10, ECF No. 12-1. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). These costs are discretionary, *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 139 (2005), but if an objectively reasonable basis for removing the case exists, a court should deny fees. *Garner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007) (citing *Martin*, 546 U.S. at 141). Here, there was an objectively reasonable basis to remove the case. Damages could very well exceed $75,000. Defendant failed to provide evidence that would allow the Court to find the amount in controversy more likely than not exceeds $75,000. Defendant possibly could have—he just did not do so. The failure to present competent evidence upon this motion does not make the removal objectively unreasonable. Thus, the Court declines to award fees.

///

## V. CONCLUSION

The Court grants the motion. The case is remanded to the County of Los Angeles Superior Court, No. 21STCV10521. The parties' stipulation to remand (ECF No. 19) is denied as moot. The Court directs the Clerk to effect the remand and close the case.

**IT IS SO ORDERED.**

Dated: January 12, 2022

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE